## SIMEON DRAKE AND THE TOWN OF DELEVAN

*v.*

## JAMES PHILLIPS, GEORGE TEFT, DANIEL CHEEVER AND IRA B. HALL.

1. TEMPORARY INJUNCTION—*penalty of the bond.* It has been the long and uniform practice in this State, and should be strictly observed, for the penalty of the bond taken in case of temporary injunction to be in a sum sufficiently large to cover all loss that might accrue. And where the judge can see what damage would be sustained by the wrongful issue of the writ, he should fix the penalty large enough to cover such loss.

2. *Effect of error in fixing penalty.* But where the writ has been properly granted, the fact that the penalty in the bond is too small does not injure the party against whom the writ is allowed, and the decree will not be reversed for that reason.

3. TAXATION—*equity jurisdiction.* A court of equity has jurisdiction on a final hearing, to decree a perpetual injunction staying the collection of a tax, levied by a body of persons, acting as officers of the law, and in their legal corporate capacity, where the levy was made without authority of law.

4. So where a town as a corporate body, having legal authority to levy a tax for a specific purpose, proceeds to impose a tax which the law has not authorized, or to levy it for fraudulent or unauthorized purposes, a court of equity will interpose to afford preventive relief, by restraining the exercise of powers perverted to fraudulent or oppressive purposes.

5. TOWNS—*their corporate nature and power.* Towns are corporate bodies, and as such are endowed with power, under specified circumstances and for some purposes, to impose taxes.

6. The principle that the legislature can authorize a town to levy a tax for paying bounties to volunteers, and thereby avoiding a draft, does not apply to a case where a tax was levied without legislative authority, and levied, not

to avoid a draft, but to refund to individuals money voluntarily contributed by them for the purpose of avoiding the draft.

7. It is one of the most firmly established rules of law that corporations can exercise no power but such as is delegated to them. Towns are *quasi* corpora tions, and exercise the powers conferred by the legislature.

8. Hence, in the levy and collection of taxes, the action of towns must conform to the legislative grant of power, both as to amount and purposes specified.

9. GENERAL TERMS—*their construction.* Terms of general import must be construed as limited by the scope and character of the matters elsewhere named in the act.

10. So, where the township organization law specifies certain purposes for which taxes may be levied by the town, and then adds: "Or for any other purpose they may deem necessary," that clause must be construed as authoriz. ing taxation only for purposes of the same general scope and character with those already enumerated, and to enable towns to carry into execution the powers previously granted.

11. TOWNS—*their power to levy a tax.* Where individuals have voluntarily paid money for the benefit of a town, the town cannot under the general law afterward levy a tax for the purpose of refunding that money. So, where individuals in the town of Delevan, for the purpose of avoiding a draft, con tributed money to obtain recruits for said town, *held,* that the town could not levy and collect a tax for the benefit of these individuals by whose generosity the town had profited, even if the money was advanced with a general expecta tion that it would be refunded by the town.

12. COSTS—*liability of town collector.* Though a tax was illegally levied, yet the collector, who was simply the ministerial officer of the town, to whom a warrant was directed, regular on its face, and which he was to collect or not at his peril, was not liable for the costs of an injunction restraining the collec tion of the tax; it seems it would be otherwise if he had actually attempted to collect the tax.

WRIT OF ERROR to the Circuit Court of the county of Taze-well; the Hon. JAMES HARRIOTT, Judge, presiding.

This was a bill for an injunction filed 26th December, 1865, by James Phillips and others, the defendants in error, to restrain the collection of a tax, imposed by the town of Delevan, for the purpose of refunding moneys which had been previously paid by individuals residing in the town, to raise volunteers for the army. The injunction was ordered to issue, and on the hear-ing was made perpetual; the defendants to the bill, seeking to have that injunction dissolved, prosecute this writ of error.

The facts are, that, in September, 1864, the President of the United States made a call for volunteers for the army, and if not furnished, a draft was expected. To meet this call and prevent a draft in the town of Delevan, subscriptions of money were made by various citizens of said town. Money was paid by some of the subscribers, on their subscription, and one James H. McKinstry, besides paying his subscription, advanced largely of his private funds for the same purpose. These efforts were successful, the quota of troops was raised, and a draft under that call was avoided. Afterward, at the annual town-meeting in April, 1865, these resolutions were adopted: "First, that a town tax of three per cent. be levied for town purposes; second, that James McKinstry be re-imbursed and paid out of the town funds not otherwise appropriated, the amount of money by him furnished out of his private funds, by subscription or otherwise, for the purpose of procuring troops to fill the quota of the town of Delevan, called for by the President of the United States in September, 1864; third, that the subscribers to the fund to procure recruits to fill the quota of the town of Delevan, under the call of the President of the United States, of September, 1864, be re-imbursed to the amount of their several subscriptions, by furnishing satisfactory evidence, by affidavit of the amount of said subscriptions to the supervisor of said town, which affidavits shall be sufficient vouchers in the hands of said supervisor, for the payment of such money to said subscribers." No special act of the legislature authorized these resolutions to be adopted by the town of Delevan, nor has any such act since sanctioned them. The other facts sufficiently appear in the opinion of the court.

` Messrs. COOPER & Moss, for the plaintiffs in error.

1. The bond on allowing the injunction was only for the sum of $1,000, while the amount of tax enjoined is more than $11,000.

2. To authorize the interference of a court of equity, some special ground of equitable relief must be set up and shown

besides the illegality of the tax. *Munson* v. *Miner*, 22 Ill. 594; *McBride* v. *City of Chicago*, id. 574; *Metz* v. *Anderson*, 23 id. 463; *Trustees of Louisville* v. *Gwathmey et al.*, 1 A. K. Marsh. (Ky.) 412; *Bank of Utica* v. *City of Utica*, 4 .Paige, 399; *Wilson* v. *Mayor of New York*, 4 E. D. Smith, 675.

3. The proper remedy in this case would be an action against the collector to recover back money paid for an illegal tax; even a sale by a collector under such an illegal tax does not divest the title to property sold. *Sayre* v. *Tompkins*, 23 Mo. (2 Jones) 445; *Lockwood* v. *City of St. Louis*, 24 id. 20; *Green* v. *Munford*, and *Simmons et al.* v. *Munford*, 5 R. I. 472; *Mechanics' & Traders' Bank* v. *Henry Debolt*, 1 Ohio St. 396. Hence replevin would lie for the chattel either against the officer or the purchaser.

4. The wrong which equity will interpose by injunction to prevent must be in its nature irreparable, in the modes of redress afforded at common law, and that cannot be said where the attempt is to coerce the payment of a tax. *Watson* v. *Hunter*, 5 Johns. Ch. 169; *N. Y. Life Ins. Co.* v. *The Supervisors of the City of New York*, 4 Duer, 192.

Mr. B. S. PRETTYMAN, for the defendants in error.

1. Towns can exercise no powers but such as are specifically granted. *Town of Petersburgh* v. *Moppin*, 14 Ill. 194.

2. A town is not bound by a vote to pay expenses not within the scope of its powers. *Vincent* v. *Northcott*, 7 Gray, 464; *Antony* v. *Adams*, 1 Metc. 284; *Vincent* v. *Inhabitants of Nantucket*, 12 Cush. 106.

3. Under the phrase " any other purpose they may deem necessary," a town cannot levy a tax or appropriate money for patriotic purposes. *Hood et al.* v. *Mayor and Aldermen of Lynn*, 1 Allen, 104; *Gerry* v. *Inhabitants of Stoneham*, id. 319; *Claflin et al.* v. *Inhabitants of Hopkinton*, 4 Gray, 502; *Banges* v. *Moore et al.*, 1 Mass. 139; *Stitson* v. *Kempton et al.*, 3 Mass. 272.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

It appears from this record that at a town meeting in the town of Delevan, in April, 1865, it was resolved by the citizens of the town to levy a tax of three per cent. for town purposes. It also appears that the fifteen cents on the one hundred dollars of the valuation of the property in the town was all that was required for town purposes; that the remainder of the tax so levied, was designed for the purpose of refunding moneys already paid by individuals residing in the town, to raise volunteers for the army ; that the tax was levied in pursuance to the resolution, and was extended, against the tax payers of the town on the collector's books, which were placed in his hands, and that he was about to proceed to collect the same. This bill was thereupon filed to restrain its collection. A temporary injunction was granted to stay the collection of the tax levied for that purpose. On a hearing, the injunction was made perpetual as to all but fifteen cents on each one hundred dollars of valuation of the property in the town. The cause is brought to this court to reverse that decree.

It is first objected, that while the tax enjoined from being collected was about eleven thousand dollars, the bond required by the judge who granted the order, was in a penalty of but one thousand. While the sum which shall be required as a penalty in such cases, was under the British practice a matter of discretion, long and it is believed uniform practice in our State requires that the penalty of the bond should be in a sum sufficiently large to cover all loss that might accrue. It is very unusual, when the value of the tax or other indebtedness is enjoined, to fix the penalty of the injunction bond at less than the sum enjoined, with all costs which are likely to accrue ; or, when the judge granting the injunction can see what damage would be sustained by the wrongful suing out of the writ, he should fix the sum large enough to cover such loss. Such is believed to have been the practice, and we think that it should be strictly adhered to in awarding the writ. But when the

writ has been properly granted, the error, if it be one, does not injure the party against whom the writ is allowed, and the decree will not be reversed for that reason.

It is insisted that the court below had no jurisdiction to hear the cause and decree a perpetual injunction, staying the collection of a tax, levied by a body of persons acting as officers of the law and in their legal corporate capacity. These towns are corporate bodies, and as such are endowed with power, under specified circumstances and for some purposes, to impose taxes. When persons authorized to lay a tax exercise the power for a purpose authorized by law, courts of equity refuse to take jurisdiction, simply because some formality or legal requirement in making the levy is wanting, if it is laid for an authorized purpose and by the persons designated by law. In such a case, if wrong ensue, the party injured has a complete remedy at law. But when officers or individuals have no legal authority to lay a tax, and they assume the right; or when persons are vested with legal authority to lay a tax for a specified purpose, but instead of exercising that power they proceed to impose a tax which the law has not authorized, or lay it for fraudulent or unauthorized purposes,— then a court of equity will interpose to afford preventive relief, by restraining the exercise of powers perverted to fraudulent or oppressive purposes.

We have decided at the present term of this court, in the case of *Taylor* v. *Thompson*, that the legislature can authorize a town to levy a tax for the purpose of paying bounties to volunteers, and thereby avoiding a draft. But this record presents a different case. Here there has been no act of the legislature authorizing this tax, and it was levied not to avoid a draft, but to refund to certain individuals money which had been voluntarily contributed by them for the purpose of avoiding the draft. It is alleged that the money was advanced by them with a general expectation that it would be refunded by the town, but it is not pretended that the town had sought in any way to bind itself to refund the money, even if it could have done so in the absence of express legislative authority. But can the town in

the absence of any express authority from the general assembly, levy and collect a tax for the benefit of these individuals, by whose generosity the town has profited?

It is one of the most firmly established rules of law, that corporations can exercise no power but such as is delegated to them. These towns are *quasi* corporations, and exercise the powers conferred by the legislature. It is alone from that source that they derive power to lay and collect taxes, and in doing so, their action must conform to the legislative grant of the power both as to the amount and the purposes specified. If they either exceed the per cent. authorized, or impose a tax for unauthorized purposes, their acts will be void. The township organization law specifies certain purposes for which taxes may be levied, and then adds: "Or for any other purpose they may deem necessary." It is claimed that the tax in question can be levied under this general clause. But that clause must be construed as authorizing taxation only for purposes of the same general scope and character with those already enumerated, and to enable towns to carry into execution the powers granted to them by the legislature. It cannot be contended that under this general language, a town can levy a tax for the benefit of individuals, and it is very doubtful whether, under this clause, a town could lay a tax in order to avoid a draft; but until that question is presented we shall refrain from expressing an opinion.

Certainly no such power was in the mind of the legislature which enacted this law, and the numerous special acts authorizing the towns named in them to levy taxes for this purpose, clearly show that a power of this kind has not been claimed under the general law. But even if it could be held, that this general clause conferred the power to lay a tax to secure exemption from the draft, in this case the tax was not levied for that purpose, but wholly for the benefit of individuals. And it appears by the record, that a part of the fund subscribed by the individuals who expected to receive the benefit of this tax, had been lost, wasted or misapplied. Yet the resolutions direct the tax to be levied and paid over to the sub-

scribers to the recruiting fund, without reference to the extent to which the funds had been applied in relieving the town from the draft. We cannot think that this power is to be found in the general township organization law, and if the legislature should by special act, authorize a tax to be levied to refund the subscribers, it would undoubtedly direct the town authori ties first to ascertain to what extent the money had been paid in, and actually appropriated to the relief of the town from the draft.

But inasmuch as the collector has done no act for which he should be compelled to pay costs, he should not be decreed to pay such as had accrued in this proceeding. He was simply the ministerial officer of the town to whom the warrant was directed, regular on its face, and which he was to collect or not at his peril. Until he enforced collection under his warrant he had done no act injurious to the tax payers of the town.

The decree of the court below making the injunction perpetual is affirmed, as well as that portion of the decree which requires the costs to be taxed against the town ; but it is modified so as to relieve the collector from the payment of costs.

*Decree modified.*