# THOMAS H. HALSEY *et al.*

### *v.*

# THE PEOPLE *ex rel.* Julian S. Rumsey.

1. DELINQUENT LIST—*names of owners of land—when sufficiently shown.* Where there is a column in a delinquent list headed, " in whose name assessed," and in such column, opposite the several tracts of land, names are given, and the collector states that he gives the owners' names, so far as they are known, it will be taken that the names so appearing are the names of the owners of the lands, so far as they are known, and that there is a sufficient compliance with the statute in this particular.

2. TAXES—*equalization by county board, when made.* It is not required by the Revenue Law, that the equalization of taxes shall be made by the county board on the second Monday of July, but that it shall be made at a meeting of the board to be held on that day, and where it appears the board met on that day, as required by law, and adjourned from time to time until the 12th of September, when it acted upon the assessments and equalized them, the equalization will be regarded as made at a meeting held on the second Monday of July.

3. COUNTY BOARD — *adoption of report of committee, makes report the act of board.* When the matter of the equalization of the assessment is, by the county board, referred to a committee of the board on equalization of taxes, and the report of the committee is accepted by the board, it becomes and is the act of the board.

4. PARK TAX—*will not be presumed to be expended on improvements other than in town paying tax.* Although a tax extended upon all the property in West Chicago, as " Park Tax," and " Park Boulevard Tax," is, when collected, to be paid to park commissioners, to be used and expended by them in governing, maintaining and improving the parks and boulevards under their control, and a portion of the boulevards under the control of such commissioners is not situated in the town of West Chicago, but in another town, it does not follow that any portion of the tax on property in West Chicago will, when collected, be expended upon improvements in such other town, and in the absence of anything showing that such tax, when collected, will be expended on improvements not in the town of West Chicago, judgment for such taxes should be rendered upon application therefor.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. WM. HOPKINS, and Messrs. BARKER & WAITE, for the appellants.

Mr. JOHN M. ROUNTREE, and Messrs. HOLDEN & MOORE, for the appellee.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This was an application of the county collector of Cook county for judgment for sale of certain lands and lots for delinquent taxes and special assessments for the year 1872.

Judgment for the sale was rendered and this appeal taken.

It is first objected, that the delinquent list does not contain a statement of the names of the owners of the lands and lots. The statute requires a statement of the names of owners, if known.

In the delinquent list appears a column headed, " In whose name assessed." In this column, against the several tracts, names are given. The collector states that he gives the names of the owners, so far as they are known. We think it should be taken that the names appearing in the column mentioned, are the names of the owners of the lands, so far as they are known, and that there is a sufficient compliance with the statute in this particular.

It is next urged that the equalization made by the county board was not made at the time nor in the manner required by law. The record shows the county board met on the second Monday of July, as required by section 97 of the general Revenue Law, and that the board adjourned from time to time until it finally acted upon the assessments and equalized them on the 12th day of September following. It is not the requirement of the statute that the equalization shall be made on the second Monday of July, but that it shall be made at a meeting of the board to be held on that day. There is no limit of the duration of the meeting. There was a continuous meeting of the board here, from its commencement on the second Monday of July, up to the time when the equalization

was made. We regard it as made at a meeting required to be held, and which was held on the second Monday of July. It is said the work was not done by the board, because the matter of the equalization of the assessment was referred to the committee of the board on the equalization of taxes, and the report of the committee of their action in the matter, was adopted by the board. The same objection was taken to like action of the State Board of Equalization, in the case of *Porter* v. *Rockford, R. I. and St. L. Railroad Co.* 76 Ill. 561, and it was there held to be without force. It was there said that the assessment, as made, is the act of the board, and not of a committee. That, though the report of the committee was adopted by the board, it was suggestive only, and the members of the board could not be presumed to have been affected by it further than it met the approval of their judgments.

The equalization in the present case was, in our opinion, made at the time and in the manner required by the statute.

It is insisted that the park taxes included in the judgment, under the headings, " Park Tax," and " Park and Boulevard Tax," are illegal and void, because they are extended upon all property in the town of West Chicago—that these taxes, when collected, are paid to the " West Chicago Park Commissioners," to be used and expended by them "in governing, maintaining and improving " the parks and boulevards under the control of said park commissioners—that a large portion of the boulevards under the control of said park commissioners, is not situated in the town of West Chicago, but is situated in the town of Jefferson, and that the improvement of a boulevard in the town of Jefferson is not a corporate purpose of the town of West Chicago, and taxes can not be levied upon the property of the town of West Chicago for that purpose, citing *Hundley* v. *Commissioners, etc.* 67 Ill. 559, in support of that principle.

Admitting such to be the facts here, it does not follow that the taxes in question, when collected, will in any part be expended upon improvements in the town of Jefferson.

They may, notwithstanding, be wholly applied within the

town of West Chicago. Although a portion of the boulevards under the control of the park commissioners may be situated in the town of Jefferson, we see no reason why each town may not levy taxes for expenditure upon that portion of the boulevards which is within its own limits, and why the park commissioners, consistent with their duties, may not keep the taxes collected from each town separate, and apply them separately and exclusively upon that part of the improvement situated in the town in which the taxes are respectively collected. There is nothing in the record showing that any part of these taxes, when collected, is to be expended in improvements in the town of Jefferson. As the taxes should be applied only to a corporate purpose of the town of West Chicago, we will not presume that, when collected, they will be applied otherwise by the park commissioners.

We think the objections to the application for judgment were rightly overruled by the court below, and the judgment is affirmed.

*Judgment affirmed.*