TIMOTHY WRIGHT

*v.*

THE PEOPLE *ex rel.* H. B. Miller, Collector.

1. TOWN MEETING—*power to vote tax to create sinking fund.* Where bonds are issued, which are a town charge, to be paid by taxation, the electors, at a town meeting, have legal authority to vote taxes in advance, to meet their prompt payment, and how long in advance may be safely left to be determined by a vote of the electors of the town.

2. TAXES—*town-taxes voted need not be specifically itemized.* Where the electors of a town, at an annual town meeting, voted $25,000 of taxes to be levied for various named purposes, "and such other expenses as the town may have

to defray for the year 1873, as well as previous indebtedness," it was objected that there was a want of definiteness as to the objects for which the money was to be raised, but it was *held*, that the law did not require an itemization of the purposes of a tax voted in a town meeting. The only instance in which the details of the town charges are to be preserved, is in the report of the town auditors.

3. SAME—*park tax.* Park taxes or park and boulevard taxes levied in the town of West Chicago, are not illegal because a portion of the boulevards are situate in an adjoining town.

4. SAME—*back taxes, and valuation for such years.* The statute gives express authority to include in an application for judgment against lands for the taxes of the current year, those of previous years on lands forfeited to the State, and the law does not require that the delinquent list, in such a case, shall show the valuation of the lands for the prior years, nor the amount of each kind of tax levied for such years. As to the back taxes, all that is required to be placed on the tax books is the amount due.

5. SAME—*equalization by county board.* Where the county board of Cook county referred the matter of equalization of the valuation of property for taxation to its committee of equalization on the second Monday in July, 1873, who made their report on August 22, 1873, at an adjourned meeting, and the report was unanimously concurred in by the board, it was *held*, that the equalization was made at the time, in the manner and by the persons required by law.

6. SAME—*return of assessment after required time, does not vitiate.* Under sec. 280 of the Revenue law, a failure to complete an assessment, or to return the same in the time required by the act, does not vitiate the same, but it must be held as legal and valid as if completed in time.

APPEAL from the County Court of Cook county; the Hon. MARTIN R. M. WALLACE, Judge, presiding.

Mr. DANIEL L. SHOREY, for the appellant.

Messrs. HOLDEN & MOORE, and Messrs. AYER & KALES, for the appellee.

Per CURIAM: This is an appeal from a judgment of the county court of Cook county, for the sale of delinquent lands for the taxes of 1873 and 1872, rendered at the August term, 1874. The application was presented at that term of the county court, by the county collector, for judgment against the delinquent lands for the taxes for the year 1873, and for

the amounts for which such property was forfeited to the State for the unpaid taxes for the year 1872.

The property was situate in the towns of North Chicago, West Chicago and South Chicago.

One item of tax was $78,690, on the taxable property of West Chicago, for 1873, to provide for a sinking fund for the retirement of bonds which had previously been issued by the West Chicago Park Commissioners to the amount of $667,000, to become due on the first day of July, 1890, and $50,000, to become due June 1, 1875, and for semi-annual interest on the bonds. The sum was voted for the purpose by the electors of the town of West Chicago, at their annual town meeting, on April 1, 1873.

It is objected that there was no power in the town meeting to provide for a sinking fund—that it does not come within the specific enumeration in the statute of what are town charges, and the powers of town meetings.

The act creating the Board of West Chicago Park Commissioners, (Pr. Laws 1869, vol. 1, pp. 342, 354,) which was adopted by a vote of the legal voters of the town of West Chicago, provided for the issuing of the bonds in question, and pledged the credit of the town of West Chicago therefor, the land purchased therewith being in trust for the inhabitants of the town and of the West Division of Chicago. The bonds were a town charge, to be paid by taxation. In order to meet the payment of the indebtedness at the time it fell due, it would be necessary to levy the tax some time in advance. How long, we think, may safely be left to the electors of the town to determine by vote, as may suit their convenience. There is an apparent convenience for the tax-payers in having the burden of the debt distributed through a series of years, and not have it all fall oppressively into the taxation of a single year. Efforts of municipalities toward meeting the prompt payment of their debts are to be encouraged, rather than condemned as illegal. We can not pronounce this tax invalid, as being levied without authority.

Twenty-five thousand dollars of the taxes for West Chicago were voted by the electors of said town at their annual meeting, in April, 1873, for various named purposes, "and such other expenses as the town may have to defray for the year 1873, as well as previous indebtedness." It is objected that there is a want of definiteness in the objects for which this money is to be raised—that the amounts for the several purposes are not stated, nor is it stated what these "expenses" are, or what the "previous indebtedness" is. The purposes named for which the money is voted, are, in character, proper town charges. The only instance in which the details of the town charges are to be preserved, that we are aware of, is in the report of the board of town auditors to the town clerk. Rev. Stat. 1874, p. 1021, sec. 124. We know no requirement of itemization in the resolutions of the town meeting.

Similar objection to the last is made to the taxes for the towns of North and South Chicago, and the same remarks, substantially, will apply to them.

As to the objection that the "park tax" and "park and boulevard tax," included in the taxes of the town of West Chicago, are illegal, because a portion of the boulevards under the control of the West Chicago Park Commissioners are situated in the town of Jefferson, it is fully met and answered adversely to the objection, in the case of *Halsey et al.* v. *The People,* 84 Ill. 89.

The judgment was in part for the amount for which the property was forfeited to the State for the unpaid taxes for 1872, and it is objected that the collector had no authority to apply for such judgment, and that the delinquent list here, as to the taxes of 1872, does not contain the valuation upon which the taxes were levied, and does not give the amount of each kind of tax. Authority in this regard is expressly given by the statute, (Rev. Stat. 1874, pp. 835, 852, §§ 129, 229,) the requirement being that the amount due on lands and lots previously forfeited to the State, and remaining unpaid on the first day of November, shall be added to the tax of the current

year, and the amount shall be placed on the tax books, collected and paid over as other taxes, giving the county collector authority to advertise and sell the property as if it had never been forfeited to the State. All that is required to be placed on the tax books, is the amount due. For information desired as to the valuation upon which the back taxes were levied, and the amount of each kind of tax, resort can.be had to that delinquent list which was returned at the time when the land was forfeited to the State, which is required to state the above particulars.

It is further objected, that the equalization of the assessments was not made at the time, in the manner, nor by the persons required by law. It appears that the county commissioners of Cook county met as a board of equalization on the day required by law, (the second Monday in July, 1873,) and adopted a resolution, that the matter of the equalization of assessments be referred to the committee on the equalization of taxes; that on the 22d of August, 1873, the committee made their report of their action upon the subject, which was unanimously concurred in by the board. We understand that this adoption of the report of the committee was at the same meeting of the board which was commenced to be held on the second Monday in July. The equalization of the assessments thus made, was made at the time, in the manner, and by the persons required by law, as has been heretofore expressly decided by this court. *Halsey et al.* v. *The People, supra; Porter et al.* v. *Rockford, Rock Island and St. Louis R. R. Co.* 76 Ill. 561; *Beers* v. *The People,* 83 id. 488.

It is lastly objected that the town assessors did not return their assessments within the time required by law. It appears by the record, that the assessors in 1873 returned their assessments for that year, as follows: North Chicago, on the 4th of August; West Chicago, on the 7th of August; South Chicago, on the 12th of August; and the assessment for North Chicago for 1872 was returned on the 21st day of August. Under the Revenue act of 1872, the assessors are required to return

their assessment books to the county clerk on or before the first day of July.   But section 280, of the same act, provides that a failure to complete an assessment in the time required by the act shall not vitiate such assessment, but the same shall be as legal and valid as if completed in the time required by law.   This last section obviates the objection.

Finding none of the objections to be well taken, the judgment will be affirmed.

*Judgment affirmed.*