THE PEOPLE *ex rel.* Raymond, County Collector,

*v.*

THE CHICAGO AND ALTON RAILROAD COMPANY.

*Opinion filed December 18, 1901.*

1. TAXES—*town meeting not authorized to levy tax "for town purposes."* The third subdivision of clause 3 of section 3, article 4, of the Township Organization act, authorizing electors at a town meeting to raise money by taxation "for any other purpose required by law," is not authority for sustaining a tax levied by a vote of the town meeting "for town purposes," there being nothing to show the nature of such purposes.

2. SAME—*what necessary to sustain tax voted at town meeting.* In order to make valid the adoption by a town meeting of a motion to raise money by taxation under the third subdivision of clause 3 of section 3, article 4, of the Township Organization act, it must appear that the purpose for which the tax was levied was one required or authorized by law to be carried into execution by the town.

3. SAME—*town meeting not authorized to direct tax levy to pay judgments against town.* In towns under township organization the basis for a tax levy to pay judgments against the town is the action of the board of town auditors as certified to the town clerk and the certification thereof by the town clerk to the county clerk, and a tax levy for such purpose cannot legally be authorized by vote of the annual town meeting. (*People ex rel.* v. *Chicago and Alton Railroad Co.* 193 Ill. 364, followed.)

APPEAL from the County Court of Cook county; the Hon. R. S. FARRAND, Judge, presiding.

EDWIN W. SIMS, County Attorney, FRANK L. SHEPARD, Assistant County Attorney, and GEORGE W. HESS, for appellant.

SCOFIELD & BROWN, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The annual town meeting of the town of Lemont, in Cook county, which convened on the third day of April, 1900, among other proceedings adopted the following motions, viz.: "Moved by Joseph Gerharz, which was duly seconded, that the sum of $1750 be levied as a tax for town purposes." "Moved by Joseph Gerharz, and duly seconded, that a tax of $1750 be levied for the payment of outstanding judgments against the town." The town clerk of the said town certified to the county clerk of the said county of Cook the said amounts mentioned in said motions, together with other amounts ordered by said annual town meeting to be raised by taxation, to be extended by said county clerk on the tax books of the said town and collected as other taxes. A tax of $339.48 was extended by said county clerk against the property of the appellee company by virtue of each of the motions adopted by the annual town meeting, hereinbefore set forth. The appellee company declined to pay such taxes, and to the application of the appellant treasurer and *ex officio* collector of the county for a judgment and order of sale of its property for the collection thereof, filed the objections that the annual town meeting of the said town of Lemont was without lawful authority to direct any sum to be raised as a tax "for town purposes" or for the payment "of outstanding judgments against the town." The objections were sustained, and the cause is before us on an appeal granted to the appellant collector.

The annual town meeting of a town under township organization possesses such power only as is delegated to it by the General Assembly. Section 3 of article 4, chapter 139, entitled "Township Organization," (3 Starr & Cur. Stat. p. 3925,) specifies the powers granted by the law-making department of the State to such annual town meetings. The section, in as many clauses thereof, enu-

merates fifteen powers which may be exercised by this department of the government of towns under township organization.   Of these clauses only the third relates to the authority of the town meeting to direct the raising of money by taxation.   It is as follows:

"3.  To direct the raising of money by taxation for the following purposes:

"*First*—For constructing or repairing roads, bridges or causeways within the town, to the extent allowed by law.

"*Second*—For the prosecution or defense of suits by or against the town, or in which it is interested.

"*Third*—For any other purpose required by law.

"*Fourth*—For the purpose of building or repairing bridges or causeways in any other town in the same county or in another county:  *Provided,*" etc.

The third subdivision of said clause 3 of said section 3, which authorizes the annual town meeting to direct the raising of money by taxation "for any other purpose required by law," is relied upon as a grant of power to said annual town meeting to direct the raising of the sum of money mentioned in the first of these motions for "town purposes" and for directing the raising of money by taxation for "the payment of outstanding judgments against the town."

The authority conferred upon the annual town meeting by the third subdivision of clause 3 of said section 3 does not require the application of any rules of construction in order to determine its meaning, as did the clause conferring power on the annual town meetings in the Township Organization enactment as it existed when the cause of *Drake* v. *Phillips*, 40 Ill. 388, was heard and decided in this court.  That enactment authorized the annual town meeting to raise taxes for certain purposes therein specified, and, in addition to said enumerated purposes, "for any other purpose they may deem necessary."  We construed such clause in *Drake* v. *Phillips, supra,* "as authorizing taxation only for purposes of the

same general scope and character with those already enumerated, and to enable towns to carry into execution the powers granted to them by the legislature." The enactment now in force, and under the authority of which the annual town meeting of the town of Lemont was authorized to act, does not purport, as did the prior enactment referred to, to authorize annual town meetings' of towns to direct the raising of money "for any other purpose they may deem necessary," but it expressly limits the power of the annual town meeting, in respect of its authority to raise money for purposes other than those specified in the first, second and fourth subdivisions of said clause 3, to the raising of money by taxation for such other purposes, only, as the statutes require shall or may be performed by the town in its corporate capacity. What effect can be given a direction of the annual town meeting to raise money "for town purposes?" A town, under township organization, is a mere agency of the State. Its power to raise money by taxes is such, only, as the General Assembly has granted to it. When any question arises as to the extent of its power to levy taxes or as to the application of such power, the rule is, the power must be strictly construed. (Cooley on Taxation, 276.) When the question of exercising the power is decided by a vote of the people, mere technical defects and irregularities will be overlooked, so long as the substance of a good vote sufficiently appears. But sufficient must appear to make plain the intent of the voters, and it must appear the intent is warranted by law. (Cooley on Taxation, 337.) In *Wright* v. *People*, 87 Ill. 582, the question presented was whether there was a want of definiteness in the objects for which the electors of West Chicago voted to raise money by taxation, and we held that as it sufficiently appeared the purposes for which the money was voted were "in character proper town charges," (*i. e.*, authorized by law,) the action of the electors should be regarded as sufficiently definite.

Because the power to levy taxes is liable to great abuse courts will hold the donee of the power to a strict execution of the authority. (Cooley on Taxation, 280.) This much must always appear to make legal and effective the action of an annual town meeting in adopting a motion to raise money by taxation under the third subdivision of said clause 3 of said section 3: that the purpose for which the money is to be raised is one for which the town has authority to raise money by taxation. It is not sufficient that an annual town meeting shall have voted upon a proposition to raise money by taxation "for town purposes," for the reason the tax-payer cannot be required to contribute to the execution of many purposes which the voters at an annual town meeting might think would best conserve the interests of the inhabitants of the town and the purposes of the corporate existence of the town, but only to such purposes as the law has required or authorized the town, as a corporate entity, to forward or accomplish. The tax-payer is not to be concluded by the opinion of the electors as to what are the legal purposes to forward which he may be required by the town to part with his money by way of taxation upon his property. He has the right to know and be informed by the proposition adopted by an annual town meeting directing that money be raised by taxation, the purpose for which the exaction of the tax is ordered. Mere technical defects or other insufficiencies of form, or even relating to the substance, in the proposition, will not defeat the action of the annual town meeting if enough appears to show that the purpose for which the money was directed to be raised was a purpose required or authorized by law to be carried into execution by the town. This much, however, must appear. The authority given by the said third subdivision of said clause 3 under consideration is to raise money for purposes required or authorized by law, and a proposition to levy taxes under this subdivision of the clause must so specify and desig-

nate the purpose to which the money to be so raised is to be applied, as that the court, if the aid of the court is invoked by the tax-payer, may see, from the face of the record of the proceedings of the annual town meeting, that the taxes were ordered to be laid to enable the town to discharge some specified duty or accomplish some designated purpose for the accomplishment or performance whereof the town was vested with authority of law. The purposes had in view by the annual town meeting designated as "town purposes" may or may not have been such purposes as were authorized by law to be carried into execution by means of taxation, consequently the county court correctly refused to adjudge the appellee company should pay the amounts demanded of it, by way of taxation on its property, on the authority of such action of the annual town meeting.

In *People ex rel.* v. *Chicago and Alton Railroad Co.* 193 Ill. 364, the question whether the annual town meeting of a town under township organization had power to direct the raising of money by taxation "for the payment of outstanding judgments against the town," arose, as in this record, and the conclusion announced was, that the annual town meeting was without power to direct the levy of a tax for such purpose, but that the basis for the levy of taxes for the payment of judgments against the town was the action of the board of town auditors of the town as certified to the town clerk and the certification thereof by the town clerk to the county clerk. The reasons which moved the court to this conclusion are fully stated in the adjudication referred to, and need not be reiterated here.

The judgment is affirmed.          *Judgment affirmed.*