Cincinnati, Indianapolis and Western Railway Co.

*v.*

The People *ex rel.* Taylor Randolph, County Collector.

*Opinion filed February 17, 1904.*

1. Taxes—*specifying purpose of tax as for "town purposes" is not sufficient.* Specifying the purpose of the tax which is authorized by the electors at the town meeting as for "town purposes" is not sufficient, where there is nothing to show what the purposes were.

2. Same—*electors at town meeting cannot exercise power of board of auditors.* The certificate of the board of town auditors is the basis for the levy of a tax to pay claims and demands against the town, and the vote of the electors at the town meeting cannot be substituted for such certificate.

3. Same—*when record of commissioners may be amended.* On application for judgment of sale for a road and bridge tax, the town clerk who wrote up the record of the meeting of the highway commissioners may testify that the date of the meeting was incorrectly entered by him, where the tax levy certificate made at such meeting is correctly dated.

4. Roads and bridges—*certificate of levy should show the amounts required.* A certificate of levy for a road and bridge tax, levied under section 119 of the Road and Bridge act, should give the total amount required to be raised, and the specific amounts, for each of the purposes named, which go to make the total.

5. Municipal corporations—*a tax levy ordinance must specify in detail the purposes of the appropriations.* An ordinance for the levy of municipal taxes must specify in detail the purposes of the appropriations and the amount appropriated for each purpose.

6. Same—*when tax levy ordinance is invalid.* A tax levy ordinance is invalid where none of the items of the levy agree with those specified in the appropriation ordinance.

Appeal from the County Court of Jasper county; the Hon. F. D. Shamhart, Judge, presiding.

The appellant company owns and operates its railway through the townships of Hunt City, Willow Hill, St. Marie, Fox, and the village of Hunt City in Jasper county, which property was duly assessed for taxation for the year 1902 by the State Board of Equalization,

and taxes were extended thereon by the county clerk of Jasper county according to the several certificates of levy for taxes, filed with him for the year 1902. Appellant paid a portion of these taxes, but refused to pay the remainder. The county collector made application to the June term of the county court for judgment, and order of sale of this property for such unpaid taxes, together with interest and costs. The appellant appeared by its counsel, and filed objections in writing to the rendition of judgment for such taxes, interest and costs; the cause was heard by the court at the June term, 1903, and judgment was rendered, sustaining the appellant's objections as to certain taxes not here in controversy, and overruled its objections and rendered judgment against the property of appellant for the following taxes, to-wit: Hunt City township town tax, $27.96; Willow Hill township town tax, $45.90; St. Marie township town tax, $20.91; Willow Hill township road and bridge tax, (as to forty-cent levy), $36.73; Fox township road and bridge tax, $16.12; Hunt City village tax, $39.22. The present appeal is prosecuted from the judgment of the county court as to each of the taxes above set forth.

George W. Fisher, and Davidson & Isley, for appellant.

Mr. Justice Magruder delivered the opinion of the court:

*First—As to the three town taxes.* The town tax for the town of Hunt City was levied upon the certificate of the town clerk, that the board of town auditors in regular annual meeting held September 2, 1902, ordered that the amount of $400.00 be levied for "town purposes." The record of Hunt City township, containing the minutes of the annual town meeting held on April 1, 1902, shows that, on motion and by vote of the electors, a levy of $400.00 was made for "town purposes." But it does not

appear what the purposes were, for which the tax was levied or voted. It does not appear that the purpose was to pay claims audited against the town; nor does it appear that the action of the electors at the town meeting was certified by the town clerk in the manner required by law. Consequently, the objection, made by the appellant upon the trial below to the effect that the purpose for which the tax was levied did not appear and it did not appear that the tax was levied for any purpose for which such town was authorized to levy a town tax, should have been sustained. (*People* v. *Chicago and Alton Railroad Co.* 194 Ill. 51; *People* v. *Chicago and Alton Railroad Co.* 193 id. 364; *Indiana, Decatur and Western Railway Co.* v. *People*, 201 id. 351). In the case of *People* v. *Chicago and Alton Railroad Co.* first above cited, we held that the third subdivision of clause 3 of section 3, article 4, of the Township Organization act, authorizing electors at a town meeting to raise money by taxation "for any other purpose required by law," is not authority for sustaining a tax levied by vote of a town meeting "for town purposes," there being nothing to show the nature of such purposes. It was said in that case, that it must always appear that the purpose, for which the money is to be raised, is one for which the town has authority to raise money by taxation. Such purpose does not here appear.

The same is true as to the certificate of levy for the town tax of the town of St. Marie for 1902, upon which certificate that tax was extended. The certificate shows that, at the annual town meeting held on the first day of April, 1902, a motion was made that a levy of $200.00 be made for "town purposes," and the motion was carried. The town records, containing the minutes of the annual town meeting of April 1, 1902, show that a levy of $200.00 was made for "town purposes." As it does not appear what the purposes were, or that the purpose, for which the tax was levied, was one required or author-

ized by law to be carried into execution by the town, the objection, presenting this point in the trial court, should have been sustained upon the authority of *People* v. *Chicago and Alton Railroad Co. supra.*

As to the town tax of the town or township of Willow Hill, the certificate of the town clerk shows that, at the annual town meeting held on the first day of April, 1902, a motion was made and seconded, and carried, that a tax of $700.00 be levied for "all town expenses." The town record of Willow Hill, containing the minutes of the annual meeting held on the first day of April, 1902, shows that a motion was made, seconded and carried to make a tax levy of $700.00 to pay the township indebtedness to Hunt City township on the apportionment of the appraisement, "and other town expenses." There is nothing to show how much of the tax is for the township indebtedness to Hunt City, and how much for "other town expenses." It does not appear that the indebtedness and expenses are legal claims against the town, to which the appellant company should contribute. Nor does it appear that the board of town auditors ever took action on or audited these claims, if they were in fact legal claims against the town. We have held that the duty of passing upon claims and demands against the town is imposed upon the board of town auditors, and their certificate is made the foundation for the levy of taxes to pay such claims and demands. The attempt by the town meeting to exercise the power of the board of auditors is illegal and makes the tax void. (*People* v. *Chicago and Alton Railroad Co.* 193 Ill. 364; *People* v. *Chicago and Alton Railroad Co.* 194 id. 51).

*Second—As to the two road and bridge taxes.* The commissioners of highways of Willow Hill township met, as hereafter stated, and made their levies for road and bridge taxes for the year, commencing September 2, 1902; one levy for forty cents on the $100.00 in manner and form, as is prescribed for the tax under section 119 of

the Road and Bridge act, (2 Starr & Curt. Ann. Stat.—2d ed.—p. 3596), and one levy of twenty cents on the $100.00 valuation on all real, personal and railroad property to meet the payment of outstanding orders, which was approved by the town auditing board and the assessor. The certificate of levy of the Willow Hill road and bridge tax, showing the levy of a tax of forty cents on the $100.00, was signed by the three highway commissioners, and filed with the county clerk; and it appears from the face of the certificate that the commissioners of highways of the town of Willow Hill proceeded to ascertain as near as practicable, how much money must be raised in said town by tax on real and personal property for the purposes following during the ensuing year, as required by law, and ascertained and determined the same to be as follows, to-wit: "(1) For the making and repairing of bridges, $300.00; (2) for the payment of damages by reason of the opening, altering and laying out new roads, $50.00; (3) for the purchase of the necessary tools, implements and machinery for working roads, $50.00; (4) purchasing necessary material for building and repairing roads and bridges, $50.00; (5) for the pay of overseers of highways for the ensuing year, $150.00; commencing on Tuesday next preceding the annual town meeting; the total amount for the purposes aforesaid being $600.00; for raising which amount a tax is levied on all the real and personal property in said town, of forty cents on the $100.00; witness our hands this second day of September, 1902." We are unable to see why this certificate does not comply with the requirements of section 119 of the Road and Bridge act.

Complaint is made by counsel that the commissioners made one levy of forty cents, as shown by their certificate, and then proceeded under section 14 of the Road and Bridge act (3 Starr & Curt. Ann. Stat.—2d ed.—p. 3532), to make another levy of twenty cents for specified purposes, which was granted by the town auditing board

and the assessor; and that the tax was extended at the rate of sixty cents, to get which the commissioners did not proceed according to either system, (that is to say, there being towns adopting the labor system and towns not adopting such system,) but according to both systems; and it is also contended that there were two distinct and separate levies in one year, which, as it is claimed, is not authorized by the statutes. (*St. Louis Nat. Stock Yards* v. *People,* 127 Ill. 22.) Without passing upon the validity of this contention, it is sufficient to say that the court held the twenty-cent levy bad, but the forty-cent levy good, and apportioned the taxes accordingly. If, therefore, the tax was improperly extended at the rate of sixty cents, the court held the levy of twenty cents on the $100.00 valuation, in addition to that of forty cents on the $100.00 valuation, to be invalid. The case, therefore, stands as a levy of forty cents only, and not of sixty cents. As a levy of forty cents it is in compliance with the statute and is valid.

But counsel say that the record of the commissioners of highways of Willow Hill township, containing the minutes of the meeting of the commissioners, at which the levy was made for road and bridge taxes for the year 1902, shows that such meeting was held on the first day of September, 1902, at the town house in Willow Hill. It is conceded that the first day of September, 1902, was Monday, and that the second day of September, 1902, was Tuesday; and it is claimed that, therefore, the meeting was held upon the wrong day, as the meeting could only legally be held on the first Tuesday in September, 1902, which was the second day of the month, and not upon Monday, the first day of September, 1902. It may be admitted that the proper day for the holding of the meeting was Tuesday, the second day of September, 1902. The record of the commissioners of highways of Willow Hill township was written up by the town clerk of the township, whose name was H. J. Foltz. Foltz testified

upon the hearing that the record was not correct, and that he made a mistake in stating that the meeting was held on the first day of September, and that, as matter of fact, it was held on Tuesday, the second day of September, 1902. It is contended that the court erred in admitting the oral testimony of the town clerk for the purpose of correcting or amending the record. The action of the trial court in thus permitting the record to be amended is justified by the terms of section 191 of the Revenue law of this State. (3 Starr & Curt. Ann. Stat. —2d ed.—p. 3471). That section makes liberal provision for the correction of irregularities and omissions in proceedings of officers, connected with the assessment and levying of taxes, which do not affect the substantial justice of the tax itself, and those provisions are broad enough to justify the admission of the parol testimony introduced in this case. Whether the admission of such testimony would have been proper, if there had been nothing in the record to amend by, is a question, which does not here arise, and need not be passed upon. Section 119 of the Road and Bridge act provides that the tax levy certificate, or statement to be made by the commissioners of highways, shall be signed by the commissioners, or a majority of them. Here, the tax levy certificate, or statement, made by the commissioners, was signed by three commissioners and witnessed under their hands, as of the date of September 2, 1902, which day was Tuesday. Inasmuch as the commissioners themselves, under their own hands, certified that their action in ascertaining how much money was to be raised for the required purposes was taken on September 2, and so certified in writing, the record, as written by the town clerk, could be amended in accordance with such written certificate of the commissioners. In other words, the amendment of the record by changing the date from September 1 to September 2, was justifiable, because there was the written certificate of the commissioners to amend by.

We are, therefore, of the opinion that the Willow Hill township road and bridge tax, being based upon a forty-cent levy only, is valid.

The road and bridge tax of the town of Fox was properly objected to, and the objection should have been sustained. The certificate of levy, as to the town of Fox road and bridge tax, shows that the levy was made under section 119 of the Road and Bridge law, and was made at a meeting of the commissioners held on March 25, 1902. By that certificate, the commissioners of highways of said town of Fox state that, "having proceeded to ascertain, as near as practicable, how much money must be raised in said town by tax on real and personal property for the purposes following, during the ensuing year, as required by law, have ascertained and determined the same to be as follows, to-wit: (1) For the making and repairing of bridges, $........; (2) for payment of damages by reason of the opening, altering and laying out of new roads, $......; (3) for the purchase of the necessary tools, implements and machinery for working roads, $......; (4) for the purchase of necessary material for building and repairing roads and bridges, $......; (5) for the pay of overseers of highways for the ensuing year, $..... .; commencing on Tuesday next preceding the annual town meeting; the total amount for the purposes aforesaid being......dollars; for the raising of which amount a tax is levied on all the real and personal property in said town of forty cents on the $100.00; witness our hands this 25th day of March, 1902." This certificate is signed by the three commissioners of highways, but it does not give the amounts to be raised for the various purposes mentioned in the certificate or statement, nor does it give the total amount, which is to be raised. Section 119 of the Road and Bridge act requires, not only that the total amount to be raised shall be stated in the levy certificate, but that the specific amounts for each one of the objects named should be stated. The certificate

is fatally defective in failing to give the total amount, or the specific amounts making up the total sum. The town clerk of the town of Fox testifies that the records of the town are in his custody, and that the record of the commissioners of highways shows that all the amounts, specific and total, in the statement or certificate, are blank, as above indicated. He swears that the original certificate of levy was lost, and that he sent a copy to the county clerk, and that the copy was not signed by the commissioners. There is no evidence, however, to show that the original certificate, which is said to have been lost, contained the amounts, which are omitted from the certificate as it appears in the present record. So far, therefore, as the road and bridge tax of the town of Fox is concerned, the objection was well taken, and should have been sustained.

*Third—As to the village tax,* the objection should have been sustained for the reasons hereinafter stated. The appropriation ordinance for the municipal year 1902 of the village of Hunt City was passed on July 7, 1902, and shows there was an appropriation of $500.00 for streets and alleys, $250.00 for salaries, $200.00 for "miscellaneous," and $50.00 for elections, amounting altogether to $1000.00. The levy ordinance, which was passed on the first day of September, 1902, provides "that there shall be levied, assessed and collected upon the personal and real property within the corporate limits of the village of Hunt City, as the same is or may be returned by the assessor of said village for the year 1902, the sum of $175.00 for 'general, contingent and miscellaneous purposes,' making a total aggregate sum to be levied, assessed and collected of $175.00." The certificate of the village clerk certifies that a tax of $175.00 was levied for "general, contingent and miscellaneous purposes, making a total aggregate sum to be levied, assessed and collected of $175.00." Neither of the three distinct purposes, for which the levy of the gross sum of $175.00 was

to be made, except "miscellaneous," is mentioned in the appropriation ordinance. None of the items of the levy ordinance agree with the appropriation ordinance. The board of trustees did not "ascertain the amount of appropriations heretofore legally made and levy same," as required by section 111, chapter 24, Revised Statutes of Illinois; and did not "specify in detail the purposes for which appropriations were made, and the sum or amount appropriated for each purpose respectively." We have held that the statute requires that a city ordinance for the levy of municipal taxes shall specify in detail the purposes for which the appropriations are made and the amount appropriated for each purpose. (*People ex rel.* v. *Peoria, Decatur and Evansville Railroad Co.* 116 Ill. 410).

The judgment of the county court is affirmed so far as it overruled the objection to the entry of judgment upon the Willow Hill township road and bridge tax amounting to $36.73; but said judgment is reversed so far as it overruled the objections to the other town, road and bridge, and village taxes hereinbefore mentioned. In pursuance of section 192 of the Revenue act (3 Starr & Cur. —2d ed.—p. 3478,) a judgment will be rendered in this court for $36.73 with ten per cent damages on such amount; and it is ordered that so much of the amount deposited by appellant with the collector upon the taking of this appeal as shall be necessary to pay and satisfy said judgment, be credited upon the same, and that execution issue for any balance remaining unpaid. The clerk of the court will enter judgment accordingly and transmit to the county collector a certified copy of the same.

*Affirmed in part and reversed in part, and*
*judgment rendered in this court.*