## Eugene Clifford v. City of Chicago, et al.

### Gen. No. 12,199.

1. CIVIL SERVICE COMMISSION—*when jurisdiction of, not affected by apparent lack of notice of trial.* The fact that the accused appeared and had opportunity to present his defense, cures any apparent absence of notice of trial.

2. CIVIL SERVICE COMMISSION—*consideration of finding of trial board by, need not be in presence of accused.* The accused is not entitled to notice of or to be present at the consideration of the finding of the trial board with respect to his case.

3. ABSTRACT—*insufficiency of, ground for affirmance.* The insufficiency of the abstract made by the appellant is a sufficient ground for affirmance.

*Certiorari* proceeding. Error to the Superior Court of Cook County; the Hon. GEORGE A. DUPUY, Judge, presiding. Heard in this court at the March term, 1905. Affirmed. Opinion filed January 4, 1906.

A. D. GASH and JAMES H. HOOPER, for plaintiff in error.

CECIL PAGE, Assistant 'Corporation Counsel, for defendants in error; EDGAR BRONSON TOLMAN, Corporation Counsel, of counsel.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

This is *certiorari* to review the proceedings of the Civil Service Commission of the city of Chicago, the result of which was the finding of Eugene Clifford guilty of certain charges made against him, and his discharge from the police force of the city, of which he was formerly a member. The abstract of the return of the Civil Service Commissioners to the writ is wholly insufficient. The return sets out lengthy specifications of the charges preferred against Clifford, and the evidence in support of the charges, which proves beyond question that he was guilty of "conduct unbecoming a police officer," as charged. No part of the specifications or of the evidence is abstracted. Counsel for plaintiff in error say: "Plaintiff in error not having notice of the time or place of the commission's acting upon the report of the aforesaid trial board, he did not have an opportunity to be heard in his own defense." Yet the following, which occurred before the trial board and appears, in the return, is not abstracted: "All witnesses sworn. Eugene Clifford. Q. You received copy of the charges? A. Yes, sir. Q. Ready to go to trial? A. Yes sir. Q. Guilty, or not guilty? A. Not guilty." The return also shows that plaintiff in error testified, on the investigation by the trial board of the charges against him, which fact does

not appear in the abstract. It would seem that plaintiff in error had ample opportunity "to be heard in his own defense." Counsel object that plaintiff in error was not present or represented when the commission took up for consideration the finding of the trial board, and had no notice of the time or place for such consideration. We can hardly think this objection seriously made. Plaintiff in error had no right to such notice, or to be present when the commission passed on the report of the trial board.

It appears from the return that October 28, 1901, at a regular meeting of the commission, a resolution was adopted appointing John W. Ela, Joseph Powell, and inspector of police, John D. Shea, members of the police trial board until further order. It also appears from the return that the finding of the trial board was signed by Robert Lindblom, John D. Shea and John W. Ela, and was not signed by Joseph Powell. The objection is made that the finding not having been made by the persons designated by the resolution of October 28, 1901, was irregular and a nullity. The charges against plaintiff in error were filed June 6, 1902, more than seven months after the date of the order appointing the trial board. The return, by the following language, recognizes the report made to the commission as the report of the trial board: "That thereafter, to-wit, on October 28, 1902, at a regular meeting of the civil service commission of Chicago, the police trial board reported the following findings, which are approved," etc., setting out the findings of the trial board. The findings and recommendation of the trial board of the commission are not decisive. It is the approval of such findings and recommendation which is decisive, and in this case, in which the evidence before the trial board was also before the Civil Service Commissioners, at their meeting of October 28, 1902, we think the approval of the report of the trial board may well be held to be a finding of the Civil Service Commission. In Halsey v. The People, 84 Ill., 89, the county board referred to a committee the matter of the equalization of assessments for taxes, and the report of the committee was

subsequently adopted by the board. It was objected that
the equalization was not the work of the board; but the
court held that the assessment, as made, was the act of the
board and not of the committee, citing Porter v. Railroad
Companies, 76 Ill., 561.

By section 12 of the Civil Service Act, the commission
is empowered, itself, to investigate charges, but it may, if
it sees fit so to do, refer the investigation to a trial board,
and adopt or reject the findings of such board.

It appears from the return, that plaintiff in error did not
challenge or object to any of the triers; that, on the contrary,
he announced himself ready for trial and pleaded to the
merits. Also, the petition clearly indicates, as we think,
that no objection was made in the Superior Court to the
constitution of the trial board. The petition alleges "that,
afterwards, on June 20, 1892, *the police trial board* found
him guilty, as charged, and recommended his discharge,"
and there is no question raised in the petition as to the
qualification of any member of the trial board. In view of
the fact that a trial board merely finds and reports its find-
ing, with a recommendation, to the Civil Service Commis-
sion, its province is analogous to that of a jury. In Brewer
& Hofman B'g Co. v. Herman, 187 Ill., 40, the objection
was made that, among the names signed to the verdict, there
were certain names of persons not in the panel, as sworn.
The court, in passing on the objection, say: "Besides, the
question cannot be raised here for the first time. If there
was anything in it worthy of notice, it should have been
called to the attention of the court below, which was not
done." To the same effect are Seal Lock Co. v. Chicago
M'g & Optical Co., 98 Ill. App., 637, and Goldstein v.
Smith, 85 ib., 588. In City of Chicago v. Bullis, *ante,*
p. 7, decided at the present term, we have held, after
full argument, against the contention of appellees, that
*certiorari* will not lie in a case like this. The insuffi-
ciency of the abstract is, of itself, a sufficient cause for the
affirmance of the judgment. Gibler v. City of Mattoon, 167
Ill., 18; Spain v. Thomas, 49 Ill. App., 249; Ferguson v.

Charles Adams Mfg. Co., 66 ib., 154; Chamberlain v. Cary, 67 ib., 542.

Other cases to the same effect are too numerous for citation.

The judgment will be affirmed.

*Affirmed.*