THE PEOPLE *ex rel.* Charles W. McCall, County Collector, Appellant, *vs.* THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Appellee.

*Opinion filed December 21, 1910.*

1. TAXES—*constitution requires town to provide for a direct annual tax to pay bonds.* If bonds are issued under section 20 of the Roads and Bridges act, the constitution enjoins upon the town the duty, at or before the time of incurring the indebtedness, to provide for the collection of a direct annual tax to pay the interest and principal of the proposed debt, and this provision secures to the bondholder the right to compel the levy of a tax in accordance therewith.

2. SAME—*voters at town meeting cannot levy tax to pay bonds and interest.* Under section 20 of the act relating to roads and bridges in counties under township organization, if the electors, at a special town meeting, vote to borrow money for the building of bridges or for other distinct and expensive work, it is the duty of the supervisor and town clerk, under the direction of the commissioners, to issue bonds as the work progresses and the duty of the board of town auditors to audit the bonds and make a proper certificate for the levy of the necessary tax, and the electors themselves cannot levy the tax by their vote.

3. SAME—*board of town auditors is the corporate authority to levy tax to pay bonds and interest.* The voters at the town meeting have no authority to levy a tax to pay the interest or principal of bonds issued by the town, but the basis of the tax is the certificate of the board of town auditors to the town clerk and the certificate of the town clerk to the county clerk, and the vote of the electors cannot be substituted for the certificate of the board of auditors. (*Wright* v. *People*, 87 Ill. 582, distinguished.)

4. SAME—*the board of town auditors are obliged to levy a tax to pay bonds.* The board of town auditors, in auditing a charge against a town on account of bonds issued under section 20 of the Roads and Bridges act, may see that the provisions of the statute relating to the issue of bonds by the supervisor and town clerk have been complied with and compute the amount necessary to meet the obligations, but they have no discretion to refuse to audit the claim in accordance with the provision for the direct annual tax made at or before the time of incurring the indebtedness.

5. SAME—*when town tax levy is illegal.* A tax levy of $500 for contingent expenses of a town is illegal where there is no further specification of what such expenses are.

248 — 6

APPEAL from the County Court of Whiteside county; the Hon. R. W. E. MITCHELL, Judge, presiding.

J. J. LUDENS, and C. L. & C. E. SHELDON, for appellant.

A. A. WOLFERSPERGER, and J. A. CONNELL, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The disputed question in this case is whether the voters, at their annual town meeting, are authorized to levy a tax to pay bonds of the town and the interest thereon.

At a special town meeting held on May 16, 1905, in the town of Hahnaman, in Whiteside county, it was decided to borrow $1900 to build certain bridges in the said town, and at the annual town meeting held April 5, 1906, a resolution was adopted reciting that bonds had been issued to the amount of $1795 for said purpose, and it was resolved that a direct annual tax be levied sufficient in amount to pay the principal and interest of said bonds as the same should fall due, and the times and amounts were specified. It was further resolved that the town clerk should certify, in each year, to the county clerk such part of said direct tax as might be necessary to pay the interest and so much of the principal as would fall due in the following year. At the annual town meeting held April 2, 1907, a resolution was adopted reciting that the legal voters had that day voted in favor of borrowing $1300 to build a bridge and approaches and to take out, re-place, re-construct and repair another bridge, and it was resolved that a direct annual tax be levied sufficient in amount to pay the interest and principal of the bonds to be issued in pursuance of said vote, and that the proper authorities of the town should certify to the county clerk, each year, the amount necessary to be raised to pay the principal and interest of the

bonds as they should mature. There was a vote the same day to borrow said sum of $1300 for the purposes specified. On April 7, 1908, it was voted to borrow $2250 to build certain bridges, and on the same day, at the annual town meeting, it was resolved that a direct annual tax should be levied sufficient to pay the interest and principal of the bonds as they should mature, and that the proper authorities should certify to the county clerk, each year, the amount necessary to be raised to pay the principal and interest on the bonds as they should mature. A special town meeting was held on April 7, 1908, in the town of Montmorency, in said county, at which it was decided to borrow $4000 to construct, repair and re-construct certain bridges, and at the annual town meeting held April 6, 1909, a resolution was adopted that a direct annual tax be levied sufficient to pay the principal and interest of the bonds issued for the money borrowed and specified in the resolution, and the town clerk was directed to certify, in each year, to the county clerk such part of said direct tax as might be necessary to pay the interest on the bonds and so much of the principal as would fall due in the following year. The town clerks, by virtue of these resolutions, certified to the county clerk certain sums to be levied as taxes for the payment of interest and maturing bonds. The town clerk of the town of Montmorency also certified to the county clerk the sum of $500 to be raised by taxation for "contingent expenses" of said town. The taxes were extended by the county clerk by virtue of these certificates, and the Chicago, Burlington and Quincy Railroad Company objected to the application of the county collector to the county court of said county for judgment against its property for said taxes. The court sustained the objections and denied the application for judgment, and the collector appealed.

Section 12 of article 9 of the constitution provides that any municipal corporation incurring any indebtedness shall,

before or at the time of doing so, provide for the collection of a direct annual tax sufficient to pay the interest on such debt as it falls due, and also to pay and discharge the principal thereof within twenty years from the time of contracting the same. Section 20 of the act in regard to roads and bridges in counties under township organization provides for calling a special town meeting to vote on the proposition of borrowing money for building a bridge or other distinct and expensive work, and if the vote is in favor of the proposition, the supervisor and town clerk, under the direction of the commissioners, are authorized to issue, from time to time, as the work progresses, the bonds of the town for the specified purpose. If bonds are issued under that section of the statute, the constitution enjoins upon the town a duty, at or before the time of incurring the indebtedness, to provide for the collection of a direct annual tax to pay the interest and principal of the proposed debt. The provision for the direct annual tax secures to the bondholder the right to compel the levy of the tax in accordance with such provision. It is then the duty of the board of town auditors to audit the claim or charge against the town and make a proper certificate providing for the necessary taxation to pay it, without any other presentation of the claim by a holder of a bond. The tax is to be levied and collected so as to be ready to pay the interest and principal of the debt as it matures, but the bonds are a claim or charge against the town with which the town meeting has nothing to do and for the payment of which it has no authority to order the levy of the annual tax. (*St. Louis, Rock Island and Chicago Railroad Co.* v. *People ex rel.* 147 Ill. 9.) In that case it was held that the bonds of the town of Frederick were charges and claims against the town which it was the duty of the board of auditors to examine and audit; and in the previous case of *People ex rel.* v. *Getzendaner,* 137 Ill. 234, a peremptory

writ of *mandamus* was awarded to compel the board of town auditors to audit and allow the claim of petitioner on bonds issued by the town of Mount Morris under an act providing that the town should, by its proper corporate authority, annually assess and levy a tax to pay the interest and principal of the bonds as they became due. The principle of that decision was, that the proper corporate authority for levying a tax to pay bonds and interest is the board of town auditors. And in *Cincinnati, Indianapolis and Western Railway Co.* v. *People ex rel.* 207 Ill. 566, it was held that the certificate of the board of town auditors is the basis for the levy of a tax to pay claims and demands against a town, and the vote of the electors at the town meeting cannot be substituted for the certificate. If provision is made for a direct annual tax when bonds are issued, the liability of the town is fixed and the board of town auditors have no discretion whether to allow the amount of the tax or not. But that does not affect the question who is to levy the tax. The same thing is true of a judgment against a town, and yet action by the board of town auditors is necessary for the levy of a tax to pay a judgment. It was so decided in *People ex rel.* v. *Chicago and Alton Railroad Co.* 194 Ill. 51, and the court held that the tax levied to pay a judgment against a town could not be legally authorized by a vote at the annual town meeting.

The question whether the power to pass upon and allow charges against a town based upon town bonds should be exercised by the board of town auditors or by the voters at the town meeting was not considered in *Wright* v. *People ex rel.* 87 Ill. 582. The question considered was whether the voters at the town meeting could make provision for a sinking fund for the retirement of bonds which had been issued by the West Chicago Park Commissioners and the debt be thereby distributed through a series of years. It is manifest that such provision could not be made

by the board of town auditors, whose authority is confined to auditing claims and charges against the town. The board could only audit the amount necessary each year for the sinking fund in case such a charge against the town had been created in favor of the bondholders either in the issue of the bonds or by some lawful authority, and it was held that the voters at the town meeting could create such a charge. It must be regarded as settled law that the voters at the town meeting have no authority to levy a tax to pay the interest or principal of bonds issued by the town, but the basis of a tax is the certificate of the board of town auditors to the town clerk and a certificate of the town clerk to the county clerk. The board of town auditors, in auditing a charge against the town on account of bonds issued under section 20 of the act concerning roads and bridges, may see that the provisions of the statute in relation to the issuing of the bonds by the supervisor and clerk, under the direction of the commissioners, have been complied with and compute the amount necessary to meet the obligation, but are without discretion to refuse to audit the claim in accordance with the provision for the direct annual tax made at or before the time of incurring the indebtedness.

It is conceded that the levy for contingent town expenses of the town of Montmorency, which did not specify the nature of the expenses, was illegal, as it clearly was. *People ex rel.* v. *Chicago and Alton Railroad Co. supra; Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *People ex rel.* 205 Ill. 582.

The judgment is affirmed.    *Judgment affirmed.*