# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

The St. Louis, Rock Island and Chicago Railroad Company

*v.*

The People *ex rel.* George Hanna, Collector.

*Filed at Springfield October 27, 1893.*

1. Town tax—*power to assess sum for town purposes.* The board of auditors of a town certified that they wanted certain named sums to pay claims allowed, and also that they wanted $100 for town purposes, and the town clerk certified to the county clerk that "we want * * * $100 for town purposes." On this the county clerk extended a tax to raise the several amounts: *Held,* that the tax of $100, extended for town purposes, was illegal, and that judgment against property for such tax was properly refused.

2. Same — *certificate of town clerk of claims audited against town.* Section 7, article 13, chapter 139, of the statute, requires the town clerk to certify the aggregate amount of the claims audited against the town, so that the county clerk may extend the same as town taxes upon the taxable property of the town.

3. Same—*not invalid for irregularities and errors in the proceedings.* If the board of town auditors recognize claims against their town which are valid and subsisting obligations, and attempt to audit them, no mere errors, informalities or irregularities in the proceedings of such board, or in the action of the town clerk in certifying the allowance, will vitiate a town tax extended thereon for the payment of such claims.

4. Same—*as to corporate bonds, and interest on the same.* Town bonds and interest thereon, due and payable, are charges and claims against the town, which it is the duty of the board of auditors to examine and audit although not formally presented by the holders thereof; and when they are allowed by the board, the town clerk is required, by section 7, article 13, chapter 139, of the statute, to certify the aggregate amount thereof, with other claims allowed, "to the county clerk, at the same time and in the same manner as other amounts required to be raised for town purposes," and when so certified they become the authority of the county clerk for extending the tax to that amount.

5. Railroad bonds of a town due, and interest on the same, or on other like bonds, are claims against the town with which a town meeting has nothing to do, and for the payment of which it has no authority to order a tax levied.

Appeal from the County Court of Schuyler county; the Hon. H. C. Schultze, Judge, presiding.

Mr. S. B. Montgomery, for the appellant.

Mr. Lewis A. Jarman, for the appellee.

Mr. Justice Wilkin delivered the opinion of the Court:

This was an application in the court below by appellee, Hanna, as collector of said Schuyler county, for judgment against the property of appellant, for delinquent tax for the year 1892. The tax sought to be collected was assessed for the town of Frederick, amounting to $571.58. The only specific objections filed to the application for judgment were, that no town tax for the town of Frederick was levied for the year 1892 by or at any town meeting of the electors of the town, and that no certificate was filed with the county clerk, by the town clerk of the town, in the year 1892, certifying to the amount of claims allowed by the town auditors, upon which the extension of said town tax could be lawfully extended by the county clerk. Other objections were filed, but they amounted to no more than the statement of conclusions that the tax was illegal, invalid, etc.

It was shown on the trial that the record book of the town auditors of the town of Frederick contained this entry:

"Regular meeting of the board of town auditors held the 6th day of September, 1892.

"We, the undersigned, comprising the board of town auditors of said town of Frederick, having duly met at the town clerk's office on the 6th day of September, 1892, for the purpose of auditing town accounts, do certify that the following claims or demands against the said town were presented, and being examined and allowed at said meeting, to-wit."

Here followed a list of the claims allowed, amounting to $117.66, and the following:

"We find in the hands of D. C. Linn, supervisor, the sum of one hundred and twenty-seven dollars and fifty cents ($127.50). We hereby certify that we want one thousand dollars ($1000) levied to pay two railroad bonds now due, and one hundred and seventy-five dollars ($175) to pay interest on railroad bonds, and one hundred dollars ($100) for town purposes.

H. M. Deane, *J. P.*
D. C. Linn, *Sup'r.*
W. M. Grimwood, *Clk.*"

It was also shown that the town clerk of said town made the following certificate:

"I hereby certify that we want one thousand dollars levied to pay two R. R. bonds ($1000); one hundred and seventy-five dollars to pay R. R. bond interest ($175); one hundred dollars for town purposes ($100) as it appears from the record of the board of town auditors in my office.

"Given under my hand this 7th day of September, 1892.
W. M. Grimwood, *Town Clerk.*"

Which was indorsed by the county clerk of the county, "Certificate of town levy of tax for 1892, in Frederick, filed Sept. 14, 1892." It is conceded this certificate was the only

authority given for the extension of the tax in question by the county clerk.

The court sustained the objections to the amount of $44.83, and gave judgment for $526.75, the first amount being the assessment against appellant's property to raise the $100 certified as above "for town purposes," and the last the amount so assessed to pay railroad bonds and interest. Appellant assigns for error the entry of the judgment for the last named amount, and the appellee assigns for cross-error the sustaining of the objections to any part of the tax claimed.

On the case made by the record we see nothing to distinguish it from that of *Peoria, Decatur and Evansville Railway Co.* v. *The People,* 141 Ill. 483, as to the $100 assessment for general town purposes, and on the authority of that case we think the court below properly sustained the objections to the amount of $44.83. The contention of counsel for appellee that it may be presumed that the $100 was certified for the purpose of raising funds to pay the $117.66 of claims allowed by the board of auditors against the town, can not be sustained, because there is nothing in the record to show that the aggregate amount of those claims was certified to the county clerk, as required by section 7, article 13, chapter 139, of the statute. The cross-error is not well assigned.

As to the amount levied to pay bonds and interest the case is very different. These were "charges and claims against their town," which it was the duty of the board of auditors "to examine and audit." (Sec. 4, chap. 139, *supra; The People* v. *Getzendaner et al.* 137 Ill. 234; *Purcell et al.* v. *Town of Bear Creek,* 138 id. 524.) And when allowed by it, the town clerk was required by section 7, *supra,* to certify the aggregate amount thereof, with other claims allowed, "to the county clerk, at the same time and in the same manner as other amounts required to be raised for town purposes," and when so certified they became the authority of the county clerk for extending the tax to that amount. (Sec. 7, *supra; Peoria, De-*

*catur and Evansville Railway Co.* v. *The People, supra.*) It is clear, therefore, if the tax sought to be recovered to pay those claims is invalid, it must be because they were not properly allowed and certified, and not because it was not authorized by the action of the electors of the town, at a town meeting. They were claims with which a town meeting had nothing to do, and for the payment of which it had no authority to order a tax levied.

It is true, the action of the board of auditors in allowing the bonds and interest was informal; but it clearly appears from its record that it attempted to exercise its lawful authority in auditing them, and did recognize and allow such claims as subsisting and binding against the town, then due and payable. It is also true that the certificate of these claims by the town clerk to the county clerk was informal, but it showed the amounts in such a manner as that the county clerk could readily ascertain the aggregate amount of tax necessary to be extended for their payment. Neither the irregularity in the action of the auditors or town clerk could have resulted in injury to a tax-payer. Section 191, chapter 120, of the statute was intended to, and does, meet just such irregularities. The attempt on the part of appellant is to defeat the collection of a tax, because of errors and informalities in the proceedings of officers connected with the assessment and levying of the same, and not because of a want of authority or power in those officers to make the levy, or the injustice of the tax.

No valid defense was shown against that part of the tax for which the county court entered judgment. That judgment will accordingly be affirmed.

*Judgment affirmed.*