THE PEOPLE *ex rel.* Will L. Talbott, County Collector,

*v.*

THE INDIANA, ILLINOIS AND IOWA RAILROAD COMPANY.

*Opinion filed December 16, 1903—Rehearing denied February 4, 1904.*

1. TAXES—*what not a sufficient designation of town tax.* Designation of a town tax in the record of the annual town meeting and in the town clerk's certificate of levy as a tax "for town purposes," is not sufficient to sustain such tax when objected to on application for judgment of sale.

2. SAME—*when the record of town auditors is not admissible to sustain town tax.* The record of the board of town auditors showing the claims audited at its meeting is not admissible to sustain a town tax designated in the record of the town meeting and in the town clerk's certificate as a tax "for town purposes," where there is no certificate by the board of auditors showing the claims allowed. (*St. Louis, Rock Island and Chicago Railroad Co.* v. *People,* 147 Ill. 9, distinguished.)

APPEAL from the County Court of Livingston county; the Hon. F. H. CARRITHERS, Judge, presiding.

R. S. McILDUFF, and STEVENS R. BAKER, for appellant.

A. C. NORTON, (CARY & WALKER, of counsel,) for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This was an application by appellant, made to the county court of Livingston county, for judgment against the real estate of appellee for delinquent taxes of the year 1902. Appellee filed objections to the town taxes of the towns of Sunbury, Nevada and Round Grove, in that county, and the court, by a judgment entered at the June term, 1903, sustained these objections.

The certificate of levy made by the town clerk of each town was introduced in evidence, and in each instance the only purpose stated for which the tax was levied is "for town purposes." The record of the annual town meeting in each of the three towns was introduced. The record of the meeting in Sunbury shows a levy of a tax without specifying its purpose. The record of each of the town meetings in Round Grove and Nevada shows the levy of a tax "for town purposes." We have held that the designation of such a tax as a tax "for town purposes" is not sufficient. (*People* v. *Chicago and Alton Railroad Co.* 194 Ill. 51.) The certificate of the clerk in each instance was for the exact amount of tax levied at the town meeting, and seems to have been made for the purpose of certifying that levy to the county clerk.

Appellant, for the purpose of sustaining these taxes, offered in evidence the record of the board of auditors in each of the towns in question for the meetings of September, 1901, and March, 1902, showing the claims audited at those meetings, the aggregate audited at the two meetings being, in the case of each town, greater in amount than the amount of the levy certified to the county clerk. It was contended that these records so

offered were a substantial compliance with section 124 of chapter 139 of Hurd's Statutes of 1901, and that they afforded a sufficient basis for the certificate made by the clerk of each town. This section directs the auditors to make a certificate of claims allowed, and to deliver the same to the town clerk, and that officer is required to certify the amount thereof to the county clerk, with other amounts, which are to be raised by taxation for town purposes. It will be observed from section 126a of that chapter, that the board of auditors is required to keep a record, and the auditors in each of the towns concerned in this litigation complied with this requirement, and in each instance it was the record so kept that was offered in evidence. No certificate made as a basis for certifying a tax levy to the county clerk was offered. The legislature undoubtedly intended to require the making of a certificate by the auditors, in addition to their record, when the claims audited by them were intended by them to be the basis of a tax levy thereafter to be made.

Appellant relies upon the case of *St. Louis, Rock Island and Chicago Railroad Co.* v. *People ex rel.* 147 Ill. 9. But in that case, in addition to the minutes of their meeting, the auditors wrote in their record, which was left with the town clerk, a certificate setting forth the amount of money which they needed to pay certain town charges, and the town clerk made his certificate of levy accordingly. The fact that the certificate was written in the record was no objection to it, where it was delivered to the clerk and clearly showed that it was intended to authorize a certificate of levy. In the case at bar no such certificates are found in the records of the auditors, and those records were therefore properly excluded by the court.

The judgment of the county court will be affirmed.

*Judgment affirmed.*