The Illinois Central Railroad Company

*v.*

The People *ex rel.* D. F. Brown, County Treasurer.

*Opinion filed December 22, 1904.*

1. TAXES—*highway commissioners' certificate need not specify amount required for each purpose.* Section 119 of the Road and Bridge act does not require that the certificate of the highway commissioners for a road and bridge tax levy shall state the specific amount required for each of the purposes named. (*C., I. & W. Ry. Co.* v. *People,* 212 Ill. 518, followed.)

2. SAME—*when levy for town tax cannot be validated by amendment.* If the statute authorizing the levy of a town tax has not, in fact, been complied with, the levy cannot be made valid by allowing amendments of certificates or proceedings upon an application for a judgment of sale.

APPEAL from the County Court of Montgomery county; the Hon. M. L. McMurray, Judge, presiding.

JETT & KINDER, (JOHN G. DRENNAN, of counsel,) for appellant.

H. J. HAMLIN, Attorney General, and L. V. HILL, State's Attorney, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

On the application of the county collector of Montgomery county for a judgment of sale for delinquent taxes the appellant filed its objections to the road and bridge tax of North Litchfield township and of South Litchfield township, and to the town tax of North Litchfield township, all in said county. The objection to the road and bridge tax was, that the certificates of the town authorities in each of said townships "failed to specify the amount required for each particular purpose as well as the total amount, and that where the total amount is given the particular purpose is not given, and *vice versa.*" The objection to the town tax was, that

the certificate of the town authorities shows a gross sum for "town purposes or town expenses," without designating the particular purposes for which the same, when collected, were to be used. The objections were overruled and judgment entered against the property of the objector, from which an appeal has been prayed to this court.

The certificate of levy for North Litchfield township is, in substance, that the commissioners of highways will require $2600 to be raised by taxes on the real estate, personal and railroad property in the town for the purposes as provided in the statute, said amount being a levy of forty per cent on each $100 valuation according to the assessment of said town for the current year. The certificate also states that at the annual town meeting held on the 7th of April, 1903, an additional levy of twenty per cent was ordered by the legal voters present at said meeting for the aforesaid purpose. The certificate of the commissioners of highways of South Litchfield township is that they require the sum of $1900, and is in substantially the same language as that of North Litchfield township. These certificates were properly signed by the commissioners but the purposes for which the tax was required were not itemized therein.

Section 119 of chapter 121 of our statutes provides that the highway commissioners of each township shall annually ascertain, as near as practicable, how much money must be raised for the making and repairing of bridges, payment of damages by reason of opening, altering and laying out new roads and ditches, the purchase of necessary tools, implements and machinery for working roads, the purchase of necessary material for building and repairing or draining roads and bridges, the pay of the overseer of highways during the ensuing year and for the payment of all outstanding orders drawn by the commissioners on their treasurer, which tax shall be extended on the tax book according to the assessment of the current year, and shall levy a tax on all the real, personal and railroad property in said town, not ex-

ceeding forty cents on each $100; and they shall give to the supervisor of the township a statement of the amount necessary to be raised and the rate per cent of taxation, signed by said commissioners or a majority thereof. Both of said certificates literally comply with this requirement of the statute. They state the amount of money to be raised, the purposes for which it is required and the rate per cent of taxation. The statute does not require the certificate to state the amount required for each purpose. The language in *Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 207 Ill. 566, to the contrary must be treated as inadvertently used and overruled in *Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 212 Ill. 518. The objection to the road and bridge tax was properly overruled.

The levy filed by the town clerk was as follows: "I, Joseph Lawrence, town clerk of said town, do hereby certify that the total amount of taxes required to be raised in said township for all purposes for the year 1903 is $800." It seems to have been conceded that the objection to this levy was good. (*People* v. *Indiana, Illinois and Iowa Railroad Co.* 206 Ill. 612; *Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 207 id. 566.) Upon the hearing the town clerk, over the objections of appellant, was allowed to testify as follows: "I am a citizen of North Litchfield township, and was present, I apprehend, when this levy for which this certificate of levy was made. I suppose the purpose of this $800 mentioned in the certificate of levy was made for current expenses of the township. I was present at the town meeting when this levy was made. I am not positive of the purpose for which this levy was made. It was made for expense account, I understand. They were bills that had been audited before they were allowed, and this levy was to pay these bills." Upon this evidence the court permitted the levy to be amended by adding the words, "for bills that have before that time been audited against the township and for the current expenses for the said township." These words were.

added immediately after the figures "$800," at the end of the certificate. It is insisted that the court erred in admitting the testimony of the town clerk and allowing said amendment to be made.

We held in *Chicago and Northwestern Railway Co.* v. *People,* 200 Ill. 141, following our previous decisions there cited (p. 145) : "Where the power to levy a tax is conferred by law and is regularly exercised by the proper authorities in substantial conformity to the law, the court, upon proof of such fact, may permit the certificate of the levy to be amended on the hearing by changing the official designation of the officers, allowing the individual signatures to be substituted for the corporate name and correcting other like formal errors. (*Spring Valley Coal Co.* v. *People,* 157 Ill. 543; *Chicago and Alton Railroad Co.* v. *People,* 171 id. 544; *Chicago and Northwestern Railway Co.* v. *People,* 183 id. 247.) But if the statute authorizing the levy of the tax has not, in fact, been followed and complied with, the levy can not be made valid by amendments of certificates or proceedings, because that would not be a correction of a mere irregularity but would be an attempt to make valid a levy at the time of the amendment. (*People* v. *Smith,* 149 Ill. 549; *Chicago and Northwestern Railroad Co.* v. *People,* 184 id. 240.) There must be a valid levy which is defective in matters merely formal, to authorize an amendment." The levy in the present case as originally made was not sufficient, under the statute, for the reason that it did not specify the particular items for which it was made but certified the amount in a single sum. The evidence upon which the amendment was permitted, if it had been competent, (which it was not,) was insufficient to authorize the amendment. (*Cincinnati, Indianapolis and Western Railway Co.* v. *People,* and *People* v. *Indiana, Illinois and Iowa Railroad Co. supra.*) The town clerk was very uncertain as to whether he was present when the levy was made and wholly indefinite in his recollection as to the purposes for which the gross sum was

213—12

to be expended. He did not pretend to state that the voters at the town meeting intended to levy the tax for specific purposes. The objection to the town tax should have been sustained.

The judgment of the county court will be reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*