THE PEOPLE *ex rel.* Henry Crosby, County Treasurer,

*v.*

THE CHICAGO, BURLINGTON AND QUINCY RAILROAD CO.

*Opinion filed December 22, 1904.*

This case is controlled by the decisions in *People* v. *Indiana, Illinois and Iowa Railroad Co.* 206 Ill. 612, and *Cincinnati, Indianapolis and Western Railway Co.* v. *People,* (*ante,* p. 197.)

APPEAL from the County Court of Mercer county; the Hon. W. T. CHURCH, Judge, presiding.

This was an application made by appellant to the county court of Mercer county, at the June term, 1904, seeking judgment against the real estate of appellee for delinquent taxes of the year 1903. Appellee filed written objections to the town tax of each of the towns of Rivoli, Greene, Mercer, Millersburg, New Boston and Keithsburg, the ground of the objections being that the town tax in each instance was levied for "town purposes," and that such designation of the tax was not sufficient.

The certificate of the levy and the record of the annual town meeting of each of the towns mentioned were introduced in evidence, from which the facts appear as stated in
213—15

the objections. Appellant then introduced in evidence the record of the town auditors in each of the towns of Rivoli, Greene, Millersburg and Keithsburg, showing by certificates contained therein that at the meetings held by the auditors in each town in September, 1902, and March, 1903, certain claims against the town had been allowed by the auditors, and certificates made to that effect, except in the case of the town of Keithsburg, where the record introduced showed a certificate made at the March meeting only. The appellant was then permitted, over the objection of appellee to amend the certificate of levy made by the clerk of the town of Greene, by inserting therein the following words: "And I also certify that the board of town auditors of the town of Greene aforesaid have certified to me and have filed in my office certificates during the past year of claims and demands audited by them in the aggregate amount of six hundred and forty-two dollars and eighty-five cents ($642.85)," and a like amendment over like objection was made of the certificate of levy of the town tax of each of the towns of Rivoli, Millersburg and Keithsburg; and the appellant then sought judgment against the real estate of appellee for such sum as appellee's property would bear as its *pro rata* share of a town tax in each town equal in amount to the sum shown by the amendment to have been certified by the auditors of that town. The court, however, sustained the objections, and refused judgment, and the case comes here by appeal.

It is urged by counsel for the People that the certificates found in the record of the town auditors were, in each instance, a proper basis for certifying such a tax levy as is made to appear by the amended certificate of levy. An inspection of these certificates found in the record of the board of town auditors does not show that they were made as a basis for a tax levy. There is no language in either certificate to indicate that it was the purpose of the auditors to have the amount of claims audited certified to the county

clerk to be extended as a town tax. Each was apparently made for the sole purpose of authorizing the payment of the claims which it is certified were allowed. For aught that appears in the record in this cause, there may have been funds in abundance in the town treasury to meet the claims audited, and such claims may have been paid prior to the time the town clerk's certificate of levy was originally filed in each instance.

It is also urged by appellant that a levy to meet the ordinary expenses of the town, such as salaries of town officers, election expenses, etc., cannot be included in the levy made by the electors at the annual town meeting, but that such expenses, after being audited, must be met by a tax, certified by the town clerk, based upon the auditors' certificate; and that this presents an additional reason for holding that a judgment should have been entered for town taxes extended in accordance with the four amended certificates of levy.

WILLIAM J. GRAHAM, State's Attorney, for appellant.

MCARTHUR & COOKE, (CHESTER M. DAWES, of counsel,) for appellee.

Per CURIAM: Questions arising upon the assignment of error attached to this record have been determined by this court adversely to the contentions of appellant in the cases of *People* v. *Indiana, Illinois and Iowa Railroad Co.* 206 Ill. 612, and *Cincinnati, Indianapolis and Western Railway Co.* v. *People,* (*ante,* p. 197.) To again discuss them would be profitless.

The judgment of the county court will be affirmed.

*Judgment affirmed.*