THE PEOPLE *ex rel.* I. N. Cooley, County Treasurer, Appellant, *vs.* THE TOLEDO, ST. LOUIS AND WESTERN RAILROAD COMPANY, Appellee.

*Opinion filed December 22, 1909.*

1. TAXES—*what is necessary to authorize an amendment in tax proceedings.* To authorize an amendment in tax proceedings there must be a valid levy for a purpose authorized by law and in substantial compliance with it but which is defective in formal matters.

2. SAME—*power of school directors to levy a tax for building purposes.* Where a school building has been authorized by a vote of the people and is in process of erection, school directors are authorized to levy a tax to pay for the building being erected. (*C., C., C. & St. L. Ry. Co.* v. *People,* 208 Ill. 9, explained.)

3. SAME—*when amendment of certificate of levy for building purposes should be made.* Where a school building has been authorized by a vote of the people and is in process of erection when a certificate of levy for building purposes is made, but the clerk, under a misapprehension of the facts, erroneously inserts before the words "for building purposes" the words "for one installment and interest on bond issue proposed," the certificate may be amended, upon proof of the facts, by striking out the words erroneously inserted. (*C. & N. W. Ry. Co.* v. *People,* 200 Ill. 141, and *I. C. R. R. Co.* v. *People,* 213 id. 174, distinguished.)

APPEAL from the County Court of Edgar county; the Hon. WALTER S. LAMON, Judge, presiding.

STEWART W. KINCAID, for appellant.

F. D. TRACY, and F. C. VANSELLAR, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The Toledo, St. Louis and Western Railroad Company having paid all the taxes extended against its property in Edgar county for the year 1908 except $1058.47, which was made up of various items, filed objections to the application of the county collector to the county court for judgment against its property as to said items. The fifth item was $431.79, being a part of the amount levied for school taxes in district No. 27, and the objection filed alleged that the said sum was in excess of the lawful amount of such taxes. On a hearing of the objection it was sustained as to $281.50 of the item and as to that amount judgment was refused, and this appeal was prosecuted.

On the hearing the objector offered in evidence two certificates of the school directors and a part of the record of their proceedings. The first certificate was for $1750 for school purposes and $2250 "for one installment and interest on bond issue proposed for building purposes." The record of the meeting at which this certificate was made recited that the directors made the levy of $2250 "for one installment and interest on proposed bond issue for building purposes." The second certificate was for an additional amount of $1150 for school purposes and the additional sum of $650 for building purposes. It was agreed by the parties that there were no bonds to be paid by the district for the year 1908-09; that a special election was held in the district on May 23, 1908, at which the direct-

ors were duly authorized by a vote of the people to build a new school house; that at the time of making the levy objected to, a new school house was in course of erection; that the taxes objected to were intended to be raised for the purpose of paying for said building, and that the certificates of levy were filed with the town treasurer and by him filed with the county clerk and the taxes regularly extended on the same. Counsel for the People offered to prove by the directors that the words "for one installment and interest on bond issue proposed" were inserted by mistake of the clerk under an erroneous impression as to how the money was to be raised to pay for the new building, and counsel moved the court for leave to amend the first certificate and the record by striking the said words out of each. The court refused to permit the proof and denied the motion.

No objection was made to the fact that there were two certificates, and it is not now contended that the legality of the levy was affected thereby in any way. The second certificate for the additional sum of $650 for building purposes was in proper form, and the only objection relied upon is to the first, which purported to make a levy for building purposes to pay bonds which had not been issued but were only proposed. In the case of *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *People ex rel.* 208 Ill. 9, it was held that school directors cannot levy a tax for building purposes with a view to accumulate a fund to be used at some time in the future to build a school house, the erection of which they have in contemplation but which they have not decided to build. In this case a building had been authorized by a vote of the people and was in course of erection when the levy was made; and the certificate showed that the tax was levied for building purposes. An offer was made to prove that the words relating to a proposed bond issue were inserted by mistake of

the clerk. The certificate and the facts agreed upon show that the intention was to raise money to pay for the building being erected, and it did not affect the substantial justice of the tax that there was an error of the clerk in mentioning a method by which it was proposed to apply the tax to that purpose. To authorize an amendment there must be a valid levy for a purpose authorized by the law and in substantial compliance with it but which is defective in matters merely formal. In *Chicago and Northwestern Railway Co.* v. *People ex rel.* 200 Ill. 141, the law authorized the levy of a tax only when its necessity was certified by the commissioners to the board of town auditors and assessor, and a majority of the entire board gave consent, in writing, definitely and specifically directing the particular purpose or purposes to which the same would be solely applied, and it appeared that the officials levying the tax had no knowledge of the law and therefore had no intention of following it, and did not, in fact, do so. It was held that the case did not come within the rule where officials have complied with the law in levying taxes but have failed to make their action effectual by reason of some technical and formal omission or mistake, and that a levy could not be made at the hearing by an amendment. There was a like decision in *Illinois Central Railroad Co.* v. *People ex rel.* 213 Ill. 174. But in this case the power to levy the tax was conferred by the law and it was regularly exercised by the proper authorities and for a lawful purpose, and to permit an amendment by striking out words erroneously inserted by the clerk, not affecting the substantial justice of the tax, would not be permitting a new levy in place of a void one. The levies together amounted to $2900 for school purposes and $2900 for building purposes, which were less than the amounts authorized by law to be levied. The court ought to have permitted an amendment upon proof that the words relating to a proposed bond issue were inserted by mistake of the clerk.

The judgment is reversed and the cause is remanded with directions to permit the proposed proof, and, if the same is made, to permit an amendment, and upon the making of the amendment to render judgment for the taxes.

*Reversed and remanded, with directions.*