THE PEOPLE *ex rel.* John P. Martin, County Collector, Appellee, *vs.* THE CAIRO, VINCENNES AND CHICAGO RAILWAY COMPANY, Appellant.

*Opinion filed December 17, 1912.*

1. TAXES—*the electors at town meeting cannot levy a tax to pay claims.* It is the duty of the board of town auditors to audit claims against a town and certify the same to the town clerk for the purpose of taxation, and the electors at the annual town meeting have no power to levy a tax for that purpose.

2. SAME—*when a town tax is illegal as a whole.* Where the certificate of levy of a town tax is for a lump sum for "outstanding orders and contingent expenses," and the tax for outstanding orders is void, the tax is void as a whole, as there is no means of knowing what amount was levied for each purpose separately.

3. SAME—*drainage tax may be levied for annual interest and for such installments as are due.* Where a levee drainage assessment is divided into installments the liability of property which has been assessed is for installments as they come due and for annual interest from the time of the confirmation of the assessment roll, and while no tax can be levied for an installment which is not due until July 1 of the following year, it is proper to levy a tax for annual interest which is already due. ·

4. SAME—*it is not necessary to wait until drainage bonds mature to collect assessment to pay for them.* A tax may be levied to pay the annual interest which is due upon a drainage assessment and any installment of the assessment which is also due, whether the bonds issued by the district against the assessment are due or not.

APPEAL from the County Court of Lawrence county; the Hon. J. A. BENSON, Judge, presiding.

P. J. KOLB, and GEE & BARNES, (ROBERT J. CARY, of counsel,) for appellant.

B. O. SUMNER, State's Attorney, and GEORGE W. LACKEY, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Lawrence county overruled part of the objections filed by the appellant, the Cairo, Vincennes and Chicago Railway Company, to the application of John P. Martin, collector of said county, for judgment and order of sale for delinquent taxes, and sustained an objection to a part of a drainage tax and rendered judgment accordingly. On this appeal from the judgment the appellant has assigned errors on the overruling of objections and the appellee has assigned a cross-error on the ruling concerning the drainage tax.

The appellant objected to the town tax of the town of Lawrence, which was extended by virtue of a certificate of the town clerk that the electors of the town, at the annual town meeting, voted to raise by taxation, "for outstanding orders and contingent expenses, the sum of $1200." It is the duty of the board of town auditors to audit claims against a town and to certify the same to the town clerk for the purpose of taxation, and the electors at the annual town meeting had no power to levy a tax for that purpose. (*St. Louis, Rock Island and Chicago Railroad Co. v. People,* 147 Ill. 9; *Cincinnati, Indianapolis and Western Railway Co. v. People,* 207 id. 566; *People v. Chicago, Burlington and Quincy Railroad Co.* 248 id. 81.) As there was no power to levy a tax to pay outstanding orders, and the levy was for a gross sum, with no means of separat-

256 – 28

ing the amount required for contingent expenses from the whole sum, the tax was illegal as a whole. The court erred in overruling the objections to that tax.

The town of Lawrence is under what is called in the statute the labor system, and the appellant objected to the tax of twenty-five cents on the $100 valuation of taxable property levied under section 119, on the ground that it was not extended by authority of the board of supervisors. The commissioners of highways made a certificate, directed to the supervisor, stating the amounts required by them and the rate per cent of taxation, which was twenty-five cents on each $100 of taxable property, but it did not appear by the original abstract filed by the appellant that there was any action by the board of supervisors. An additional abstract filed by the appellee shows that at the annual meeting of the board of supervisors on Tuesday, September 12, 1911, it was ordered that the county clerk extend on the collector's books of the various towns the amounts specified in the resolution, among which the town of Lawrence and this tax were specified. As the ground of the objection made did not exist, the court did not err in the ruling.

On September 9, 1910, the county court confirmed an assessment against the lands in Birds Drainage District, in which the property of the district was assessed at $40,000. The assessment was divided into five equal installments of $8000 each, the first installment due and payable on the first day of July, 1912. The commissioners issued and sold bonds to the amount of $12,000, drawing six per cent interest, and $6000 of the bonded indebtedness was due on July 1, 1912. The bonds having been registered with the Auditor of Public Accounts, he certified to the county clerk, on October 25, 1911, the amount estimated and determined by him which would be needed to pay interest and principal due July 1, 1912, with the ordinary costs of collecting and disbursing the same, at the sum of $7455.

The county collector extended a tax by virtue of that certificate, and the amount of the tax against the appellant's property was $1346.20. The court sustained appellant's objection to this tax except as to $364.75, which is said to have been for accrued interest. It is argued that the court erred in not sustaining an objection to the entire tax because there was no delinquent list showing the tax, but the abstract of the additional record shows that there was such an item in the delinquent list. The appellee has assigned a cross-error on the ground that the court should have given judgment for $600 drainage tax.

Bonds issued by a drainage district are a lien on the drainage assessment, but there was no installment of the assessment in this case due from the appellant when the tax was levied or the judgment rendered. Section 31 of the Levee act, under which the district was organized, provides that when assessments are payable in installments the installments shall draw interest at six per cent per annum, payable annually, from the time of the confirmation of the assessment roll until they are paid, to be collected and enforced as a part of the assessment. The total assessment against the property of appellant was $10,000, which was payable in five equal annual installments. The assessment roll having been confirmed on September 9, 1910, interest at the rate of six per cent per annum for one year was due from appellant on September 9, 1911, and the interest on the assessment of $10,000 was $600. No tax could be levied in 1911 to pay an installment which would not be due until July 1, 1912, but interest was due, and the fact that bonds were issued not payable until July 1, 1912, did not change the time when the interest would be due. The liability of appellant was for the installments when due, and for annual interest due on September 9 of each year. It is proper to levy a tax for annual interest or for any installment that is due whether bonds have matured or not, and it is not necessary to wait until after bonds

have matured to collect an assessment to pay them. The cross-error is well assigned, and the court erred in not rendering judgment for $600 interest due.

The judgment is affirmed as to the road and bridge tax of the town of Lawrence and reversed in all other respects, and the cause is remanded to the county court, with directions to sustain the objections to the town tax, to render judgment for $600 drainage tax, and to sustain the objections to the remainder of the drainage tax.

*Affirmed in part and remanded, with directions.*